**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                      **Plaintiff,**

    v.                                     Civil Action No.
                                              1:13-CV-0773 (NAM/RFT)

**$65,000 in U.S. Currency, *et al*.,**

                      **Defendant.**

_____

**Appearances:**

Grant C. Jaquith, United States Attorney
Tamara B. Thomson, Assistant United States Attorney
P.O. Box 7198
100 S. Clinton St.
Syracuse, New York 13261
*Attorneys for the United States of America*

Harris Beach PLLC
Karl J. Sleight, Of Counsel
677 Broadway, Suite 1101
Albany, New York 12207
*Attorneys for Petitioner Robert Levy*

**Hon. Norman A. Mordue, Senior United States District Court Judge**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Now before the Court is Mr. Robert Levy's ("Petitioner") Rule 60(b) motion to vacate the Court's Final Order of Forfeiture previously entered against $167,600 in U.S. Currency. (Dkt. No. 47). Petitioner argues that the Court's judgment of forfeiture, (Dkt. No. 45), is void and that the Government's failure to notify Petitioner of the civil forfeiture action justifies the

1

return of $167,600 in seized currency to Petitioner along with an award of attorneys' fees. (Dkt. No. 47). The Government joins in Petitioner's motion to vacate the judgment but opposes further relief. (Dkt. No. 51). For the reasons that follow, the Court grants Petitioner's motion to vacate the Final Order of Forfeiture as against the $167,600. At this time, the Court denies Petitioner's request for the prompt "equitable" return of the $167,600 and reserves judgment on Petitioner's request for attorneys' fees.

## II. BACKGROUND

On April 13, 2013, the Government executed a search warrant for Petitioner's residence in Pompano Beach, Florida. (Dkt. Nos. 47-2, ¶ 2; 51, p. 1). Petitioner was present and cooperative during the search and assisted law enforcement in locating the $167,600 that was ultimately seized from his home. (Dkt. No. 51-1, pp. 2–3).

The United States commenced this civil forfeiture action by filing a complaint for forfeiture *in rem* on July 2, 2013. (Dkt. No. 1). The complaint named the $167,600 that was seized from Petitioner's home as one of fifteen defendant financial instruments involved in the case. (*Id*.). The complaint alleged that each piece of seized property was subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) as property involved in a money laundering offense in violation of 18 U.S.C. §§ 1955, 1956(h), 1956(a)(1)(B)(i), 1957 and 1962. (*Id*.).

On October 3, 2013, the Court issued a civil judgment in favor of the Government against all defendant properties. (Dkt. Nos. 27, 28). The Court's judgment of forfeiture was thereafter subject to two amended judgments on May 13, 2015 and September 15, 2015. (Dkt. Nos. 42, 45). The subject $167,600 remained forfeited to the United States. (Dkt. No. 45).

Petitioner did not receive notice of the Government's civil forfeiture action when it was initiated and did not become aware of the forfeiture action and default judgment until March

2

2018. (Dkt. No. 47-2, ¶¶ 4, 10). Petitioner stated that he "assumed that the government might be planning to use the items seized in a criminal investigation that could have been protracted, but was not sure." (*Id.*, ¶ 5). The Government concedes that Petitioner was not provided with the required notice of the civil forfeiture action. (Dkt. No. 51, p. 2).

In September 2017 Petitioner learned that "two individuals who also had property seized from the FBI at or around the same time as me, Michael Lewin and Brian Lindsey, had their cash property returned." (Dkt. No. 47-2, ¶ 6). Thereafter, in October 2017, Petitioner's attorney initiated contact with the Government to request the return of the $167,600 that was seized from his home in 2013. (Dkt. Nos. 47-1, ¶ 15; 47-2, ¶ 8; 51, p. 2). Petitioner's subsequent attempts to recover the seized property from the Government were unsuccessful. (Dkt. No. 47-1, ¶¶ 15–23).

### III. DISCUSSION

Petitioner now moves pursuant to Rule 60 of the Federal Rules of Civil Procedure ("FRCP") and 28 U.S.C. § 2412(d) seeking: (1) vacatur of the Judgment of Forfeiture; (2) prompt return of the $167,600 to Petitioner; and (3) an award of attorneys' fees incurred in connection with the motion. (Dkt. No. 47). The Court will address each request in turn.

**A. Request to Vacate Default Judgment as to the $167,600**

First, Petitioner argues that the default judgment against the $167,600 is void under FRCP 60(b)(4) because the Government failed to provide Petitioner with the required notice of the civil forfeiture action. (Dkt. No. 47-7, pp. 6–9). The Government concedes that the lack of notice could render the judgment void under FRCP 60(b)(4) and joins Petitioner's motion to vacate the default judgment against the $167,600. (Dkt. No. 51, p. 2, citing *United States v. $3,700 in U.S. Currency*, No. 04-CV-5944, 2011 WL 3502021, 2011 U.S. Dist. LEXIS 88113 (S.D.N.Y. Aug. 9, 2011)).

3

Notably, in an *in rem* forfeiture proceeding for the violation of a federal statue, "[t]he government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant, on the facts known to the government . . . ." *See* Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions Rule G(4)(b)(i). In the context of civil forfeiture, "due process requires the government to provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Jones v. Flowers*, 547 U.S. 220, 226 (2006) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

A motion to vacate a default judgment is "addressed to the sound discretion of the district court." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993)). In general, "[a] default judgment may be considered void if the judgment has been entered in a manner inconsistent with due process of law." *State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 178 (2d Cir. 2004) (citing *Fustok v. ContiCommodity Serv.*, 873 F.2d 38, 39 (2d Cir. 1989)). Specifically, "[v]alid service of process is a prerequisite to a district court's assertion of personal jurisdiction over a defendant . . . . Hence, a judgment obtained by way of defective service is void for lack of personal jurisdiction and must be set aside as a matter of law." *AICPA v. Affinity Card*, 8 F. Supp. 2d 372, 375 (S.D.N.Y. 1998) (citations omitted).

Under Rule 60(b)(4), judgments that are deemed void must be set aside. Fed. R. Civ. P. 60(b)(4); *see also Cent. Vt. Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 189 (2d Cir. 2003) (stating that under Rule 60(b)(4) "if [a challenged] judgment is void, it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule

4

60(b)(4)."). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).

In this case, vacatur of the order granting default judgment as to the $167,600 is appropriate since both parties agree that the Government failed to notify Petitioner of the civil forfeiture action. (Dkt. Nos. 47-7, pp. 6–9; 51, p. 2). Because the Government concedes that it did not notify Petitioner consistent with the requirements under Rule G(4)(b), the Court finds that Petitioner was deprived of due process and the judgment is void.

Accordingly, the Court grants Petitioner's motion to vacate the Court's Judgment of Forfeiture (Dkt. No. 45) as to the $167,600 defendant currency only. *See $3,700 in U.S. Currency*, No. 04-CV-5944, 2011 WL 3502021, at *3, 2011 U.S. Dist. LEXIS 88113, at *8–9 (S.D.N.Y. Aug. 9, 2011) ("In light of the Government's failure to provide the requisite notice to Claimant or his counsel of the motion for default judgment or the entry of default, the Court holds that the default judgment must therefore be vacated.").

**B.      Request for Return of the Seized Currency**

Next, Petitioner contends that equity requires the "prompt return" of the $167,600 that was seized from his residence in 2013. (Dkt. Nos. 47-7, pp. 9–10). Petitioner invokes Rule 60(b)(6) and asks the Court "to remedy the government's inequitable treatment of Mr. Levy." (*Id.*, p. 10). Petitioner further suggests that the Government's call to proceed to litigation would "exacerbate[ ] the unjustness that Mr. Levy has endured" and would have Petitioner "spend more time and money on attorneys' fees to fight to have his property returned years after the property was seized . . . ." (Dkt. No. 54, p. 3). Petitioner states that: "The fashioning of an

5

equitable remedy based upon this Court's supervisory powers over officers of the Court clearly allows this Court to return the property of Mr. Levy, and ensure that he is treated like the other similarly-situated individuals in this proceeding." (*Id.*, p. 2).

In response, the Government argues that "Petitioner's dramatic 'equitable' proposal is not supported by the facts or the law." (Dkt. No. 51, p. 4). The Government points out that "[t]he relief that Rule 60(b) provides is the relief from a final judgment, not the return of the property that is the subject of the civil litigation." (*Id.*). The Government does not explain the different treatment afforded Petitioner versus Mr. Lewin and Mr. Lindsay.

When a final judgment or order is vacated under Rule 60(b), the moving party is relieved from that order or judgment. Fed. R. Civ. P. 60(b). However, the rule does not provide for the equitable relief requested here. Rather, vacatur of the judgment reopens the civil forfeiture action, which must be resolved on the merits. Petitioner has not pointed to any authority for departing from the ordinary course, and the Court is aware of none.

Accordingly, Petitioner's request for the return of the seized currency must be denied at this time. The parties should proceed to litigate on the merits. *See also New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) ("we have expressed a strong 'preference for resolving disputes on the merits'") (citing *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001)).

C.  **Request for Attorneys' Fees**

Finally, Petitioner claims entitlement to an award of attorneys' fees and expenses under the Equal Access to Justice Act (the "EAJA"). (Dkt. No. 47-7, pp. 10–11, citing 28 U.S.C. § 2412(d)). Petitioner contends that the Government's conduct warrants an award of attorneys' fees and costs because the Government "was not 'substantially justified' in failing to provide notice to [Petitioner] that his cash property was subject to this civil forfeiture," and otherwise

6

"return[ed] the cash property to similarly situated persons to whom notice was not properly provided . . . ." (*Id.*, p. 11). In response, the Government argues that Petitioner's request for attorneys' fees "is premature as Petitioner is not a prevailing party (the matter has not been litigated)," and further that the Government "has acted reasonably with the instant motion by agreeing to vacate the judgment so that the controversy can proceed forward with the matter decided on the merits." (Dkt. No. 51, p. 10).

In a civil suit against the United States, the EAJA provides that courts "shall award" attorneys' fees and expenses to the prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The action must be justified to a degree which could satisfy a reasonable person and must have a reasonable basis in both law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988). When a prevailing party requests attorneys' fees under EAJA, it is the government's burden to show that its position was substantially justified to preclude a fee award. 28 U.S.C. § 2412(d)(1).

Generally, a party seeking fees under the EAJA must make an application within thirty days after "final judgment" in the action. 28 U.S.C. § 2412(d)(1)(B). However, when the United States is a party to the action, the time for all parties to appeal is 60 days after entry of final judgment. 28 U.S.C. § 2107. A "final judgment" is "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). The Supreme Court has interpreted this provision to mean that the "EAJA clock begins to run after the time to appeal that 'final judgment' has expired." *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) (finding an EAJA application was premature when it was filed prior to entry of a 'final judgment'); *see also United States v. 27.09*

7

*Acres of Land*, 1 F.3d 107, 111 (2d Cir. 1993) (holding that application made before expiration of the time to appeal was premature).

Here, Petitioner's request for attorneys' fees is premature as a "final judgment" has not yet been entered in the case. *See Barbour v. Colvin*, No. 12–CV–00548, 2013 WL 7206218, 2013 U.S. Dist. LEXIS 184433 (E.D.N.Y. Aug. 1, 2013) (holding that an application for attorneys' fees was premature where the application was filed before final judgment was entered). Notably however, the Government concedes that it failed to provide Petitioner with the required notice of the civil forfeiture action under Rule G(4)(b). (Dkt. No. 51, p. 2). Moreover, the Government has previously conceded that it had failed to provide the required notice to at least two other potential claimants (Mr. Lewin and Mr. Lindsay). (*See* Dkt. Nos. 40, 43). In both cases, the seized property was returned to the requesting claimants. (Dkt. Nos. 42, 45). The Government has yet to explain the disparate treatment of Petitioner's demand for the seized currency as compared to other potential claimants involved in this action. These facts make it somewhat difficult to see how the Government's position was substantially justified.

Nevertheless, the Court need not address an award of attorneys' fees at this stage and directs the parties to proceed on the merits as directed above. The Court may revisit Petitioner's request for attorneys' fees only after a final judgment and reserves until such time.

## IV. CONCLUSION

Accordingly, for the above-stated reasons, it is hereby

**ORDERED** that Petitioner's motion (Dkt. No. 47) is **GRANTED** with respect to the $167,600.00 in U.S. Currency only; and it is further

**ORDERED** that Petitioner's motion is otherwise **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall **MODIFY** the Amended Judgment (Dkt. No. 45) by issuing a Third Amended Judgment vacating the order of forfeiture against the $167,600.00 in U.S. Currency only; and it is further

**ORDERED** that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED.**

Date: February 5, 2019
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge